UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM RENJOIR,<br><br>               Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>              Defendants. | CASE NO. C13-5556 BHS<br><br>ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT |

This matter comes before the Court on Plaintiff William Renjoir's ("Renjoir") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On July 10, 2013, Renjoir filed the instant motion and proposed complaint alleging that the State of Washington's emergency shelters are inadequate. Dkt. 1-1.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may

1  dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be
2  made without notice where the claimant cannot possibly win relief."). *See also Mallard*
3  *v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court
4  would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an
5  express statutory provision). A complaint is frivolous when it has no arguable basis in
6  law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).
7       In this case, Renjoir has failed to establish jurisdiction in this Court. In order to
8  have standing to pursue an action, a plaintiff must have suffered an "injury in fact-an
9  invasion of a legally protected interest which is (a) concrete and particularized, and (b)
10 actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504
11 U.S. 555, 560 (1992) (citations and quotations omitted). "When . . . a plaintiff's asserted
12 injury arises from the government's allegedly unlawful regulation (or lack of regulation)
13 of someone else, much more is needed." *Id*. at 561. Renjoir's allegations are a
14 generalized grievance of the government's lack of regulation and fail to allege facts or
15 law giving rise to jurisdiction of the Court. Therefore, the Court **DISMISSES** the
16 complaint for lack of standing and **DENIES** the motion to proceed *in forma pauperis*.
17      **IT IS SO ORDERED**.
18      Dated this 17th day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge